## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LEE MADDEN
ADC # 136534                                                                    PLAINTIFF


V.                                    5:09-cv-00288-JLH-JJV


LARRY NORRIS, Director, Arkansas Department of
Correction; HUNTER, Ms., Nurse, Varner Unit,
Arkansas Department of Correction; WHITE, Ms.,
Sgt., Varner Unit, Arkansas Department of Correction;
JACKSON, Corporal, Varner Unit, Arkansas Department
of Correction; COMRADE, Sgt., Varner Unit,
Arkansas Department of Correction; STATE OF
ARKANSAS; JEFFERSON COUNTY; CITY OF
GRADY; VARNER UNIT, Lincoln County, Arkansas                  DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate now incarcerated in the East Arkansas Regional Unit of the Arkansas

Department of Correction, filed a *pro se* Complaint (Doc. No. 2), pursuant to 42 U.S.C. § 1983,

accompanied by an Application to Proceed *In Forma Pauperis* (Doc. No. 1).  Pursuant to the three-

strikes provision of the Prison Litigation Reform Act ("PLRA"),  the Court recommends that

Plaintiff's claims be dismissed.

The three-strikes provision of the PLRA requires the Court to dismiss a prisoner's *in forma*

*pauperis* action at any time,  *sua sponte* or upon a motion of a party, if the prisoner has "on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The United States Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of this three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Plaintiff has well exceeded his limit of three meritless causes of action. During Plaintiff's incarceration, he has filed at least nine 42 U.S.C. § 1983 complaints in United States District Court for the Eastern District of Arkansas. Of these, at least four have been dismissed as frivolous or for failure to state a claim.[1] In the instant Complaint, Plaintiff makes nearly identical allegations he very recently raised unsuccessfully in *Madden v. Arkansas Dep't. of Corr.*, 5:09-cv-00175 JMM; the court dismissed Plaintiff's claims because he failed to state a claim upon which relief may be granted. These same facts – which cover over two years in time and include allegations that his family members injured him at visitation (as well as describing the content of Plaintiff's dreams) – are largely incoherent, legally frivolous, and still do not state a claim.

Plaintiff has not alleged nor shown that he should be relieved from the three-strikes provision because of imminent danger of serious physical injury. To qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts that establish conditions involving imminent danger of serious bodily injury at the time of filing the complaint. *McAlphin*

---

[1]  *Madden et al. v. Jackson*, 5:08-cv-00090 SWW (dismissed for failure to state a claim on April 29, 2008, without appeal); *Madden v. Norris*, 5:09-cv-00200 WRW (dismissed for failure to state a claim and assessed a strike on July 23, 2009, without appeal); *Madden v. Arkansas Dep't of Corr.*, 5:09-cv-00175 JMM (dismissed for failure to state a claim, and assessed a strike, on August 24, 2009); and *Madden v. USA*, 4:09-cv-00648 JMM (dismissed as frivolous and for failing to state a claim, and assessed a strike on September 8, 2009).

The instant action was filed by Plaintiff on September 14, 2009. Dismissals are counted as strikes only when appeals have been exhausted or waived; section 1915(g) applies when the inmate has three strikes *at the time he files the lawsuit or appeal*. *See Bell v. Curtis*, 263 Fed.Appx. 543 (8th Cir. Feb. 13, 2008)(unpub. per curiam), citing *Campbell v. Davenport Police Dep't.,* 471 F. 3d 952, 952-53 (8th Cir. 2006)(per curiam).

*v. Toney,* 281 F.3d 709  (8th Cir. 2002).  Plaintiff's sweeping allegations, no different from those previously alleged on prior occasions, fail to establish a situation of imminent danger to Plaintiff.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE and his Motion for Leave to Appeal *In Forma Pauperis* be DENIED.  Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened.  All pending motions are DENIED as moot.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this <u>21st</u> day of October, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4